**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CHARDE EVANS, on behalf of herself, and all others similarly situated, | No. 14-16566 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01224-JCM-VCF |
| v. | |
| WAL-MART STORES, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted July 8, 2016
San Francisco, California

Before: SILVERMAN and NGUYEN, Circuit Judges and ANELLO,[**] District
Judge.

Charde Evans appeals the district court's grant of summary judgment

regarding her claims for "waiting time" penalties pursuant to Nevada Revised

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Michael M. Anello, United States District Judge for
the Southern District of California, sitting by designation.

Statutes §§ 608.040 and 608.050.  We have jurisdiction under 28 U.S.C. § 1291, and review de novo.  *See Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011).  We reverse and remand.

Wal-Mart employed Evans as an hourly stocker and cashier.  At times, Evans worked more than one eight-hour shift within a twenty-four-hour period or more than forty hours in a workweek, entitling her to overtime pay under Nevada law.  After Evans filed suit, Wal-Mart settled her claims for unpaid overtime with the Nevada Labor Commissioner.  Although the Commissioner's order does not address Evans's claims for waiting time penalties, the district court granted summary judgment on grounds that waiting time penalties are only available when an employer fails to timely pay the "contractually agreed upon wage," not statutory overtime pay.

The Labor Commissioner's order does not reference waiting time penalties, and therefore does not dispose of Evans's waiting time penalty claims.  We conclude that overtime pay is a form of wages under Nevada law.  *See* Nev. Rev. Stat. § 608.012 (defining wages as "[t]he amount which an employer agrees to pay an employee for the time the employee has worked, computed in proportion to time").  Overtime pay is also a form of compensation under § 608.040.  *See* Nev.

Rev. Stat. § 608.040 (providing for waiting time penalties for failure to pay wages or compensation). Wal-Mart conceded at oral argument that Evans was employed pursuant to an oral contract of employment, so Evans is also entitled to seek waiting time penalties under § 608.050. *See* Nev. Rev. Stat. § 608.050 (providing for waiting time penalties "in the sum agreed upon in the contract of employment").

Appellant's motion for judicial notice is DENIED.

**REVERSED AND REMANDED.**